UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NESTOR HERNANDEZ, TDCJ # 1851135, § <br> § <br> Petitioner § <br> § <br> v. § <br> § <br> WILLIAM STEPHENS, § <br>    Texas Department of Criminal Justice § <br>    Correctional Institutions Division Director, § <br> § <br> Respondent § | Civil Action <br> No. SA-14-CA-1048-DAE |

# MEMORANDUM DECISION

Before the Court are Petitioner Nestor Hernandez' 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 1) and Respondent's Answer seeking denial and dismissal of the Petition (Entry # 11).

## I.

Petitioner Hernandez pleaded nolo contendere to arson in Bexar County and was sentenced to ten years in *State v. Hernandez*, No. 2011-CR-9543 (Tex. 175th Jud. Dist. Ct., *jmt. entered* Nov. 26, 2012). The Texas Fourth Court of Appeals dismissed his appeal. *Hernandez v. State*, No. 4-13-17-CR (Tex. 4th Ct. Apps., March 6, 2013). Hernandez' State habeas corpus application challenging this conviction was denied by the Texas Court of Criminal Appeals based on the findings of the State trial court. *Ex parte Hernandez*, No. 79,952-3 (*denied* Sept. 10, 2014).

Hernandez' § 2254 Petition contends the prosecution engaged in misconduct at sentencing and breached the plea agreement by referring to other charges not addressed in the pre-sentence investigation report and opposing probation based on unsubstantiated prior charges. Hernandez also claims his counsel was ineffective for failing "to properly investigate [Hernandez'] . . . background" and failing to object to the unsubstantiated charges.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings. Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689. In order to demonstrate prejudice, a petitioner must

show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S. Ct. 838, 112 L. Ed. 2d 180 (1993).

The Affidavit of Hernandez' former-counsel Raymond Jefferson Vale, Jr. (Entry # 10-17 at 19-20), presented in the State habeas corpus proceedings, states: On May 9, 2012, he was appointed to represent Hernandez. On May 11, 2012, counsel reviewed the District Attorney's file which showed a number of out-of-state charges involving Hernandez. Hernandez questioned whether these charges pertained to him, and counsel communicated these concerns to the prosecution. On August 27, 2012, the prosecution showed counsel booking records with pictures showing the out-of-state charges related to Hernandez, and the prosecution advised it "intended to use those charges . . . [in the] case." The parties agreed to a plea bargain with a recommended cap of ten years, but the State opposed Hernandez' community supervision application. Hernandez was advised by counsel the out-of-state charges would appear in the pre-sentence investigation report (PSI) and the prosecution would use the out-of-state charges at the sentencing hearing to oppose Hernandez' community supervision application. Hernandez stated he wanted to proceed with his plea. At the November 27, 2012 sentencing hearing, counsel again advised Hernandez the prosecution would bring up the out-of-state charges because the State opposed community supervision. The out-of-state charges were raised by the State at the sentencing hearing. After Hernandez was given an opportunity to comment on his case and his counsel argued for community supervision, the State court sentenced Hernandez to ten years and denied his community supervision application.

The State habeas court (Entry # 10-17 at 22-29) credited the Vale Affidavit, and held the record showed Hernandez was aware the PSI and prosecution would raise the prior out-of-state charges, Hernandez' counsel confirmed the charges related to Hernandez, and *Hernandez presented no evidence to the contrary*. The State court concluded Hernandez' nolo contendere plea was knowing

and voluntary, there was no factual basis for his claims the plea bargain was breached or the State introduced false allegations or unsubstantiated charges at sentencing, and there was no basis for his ineffective counsel claim. The State court also held there was no showing the contents of the PSI affected Hernandez' sentence.

In a habeas corpus proceeding it is the petitioner's burden to show the State court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of the facts in light of the evidence in the state proceeding. *See Cullen v. Pinholter*, ___ U.S. ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Hernandez presented *no evidence* the prior out-of-state charges were unsubstantiated or did not relate to him, and thus Hernandez' allegations are conclusory. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Hernandez failed to show any basis for objecting to the prior out-of-state convictions, and thus his counsel was not ineffective. "[C]ounsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Furthermore, Hernandez' claim that counsel was ineffective for failing "to properly investigate [Hernandez'] . . . background" is procedurally barred because this claim was not specifically presented in his State habeas corpus application and is unexhausted, and if Hernandez were to present the issue to State court it would be barred as a subsequent writ pursuant to Texas procedure. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (when a petitioner is "procedurally barred from raising his claims in state court," his "unexhausted claims are 'plainly meritless'" and "procedurally defaulted"). This claim is also vague and conclusory. *See Ross v. Estelle, supra*. This claim is also defied by the Vale Affidavit which shows defense-counsel confirmed the prior out-of-state charges related to Hernandez.

The State court's denial of Hernandez' claims is reasonably supported by the record and consistent with federal law as required by § 2254(d), *see Ex parte Hernandez*, No. 79,952-3 (Entry # 10-17 at 22-29); therefore this Court is compelled to reach the same conclusion that Hernandez' § 2254 Petition is without legal or factual merit and must be denied. Because Hernandez failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing. *See* 28 U.S.C. § 2254(e)(2). Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F.3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing*, 42 F.3d 255, 258-59 (5th Cir. 1994). Hernandez is not entitled to habeas relief or a hearing on his Petition because his claims are barred, conclusory, or defied by the record.

### III.

Accordingly, Petitioner Hernandez' § 2254 Petition is **DENIED** and **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct.1595, 146 L. Ed. 2d 542 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

**DATED:** July 28, 2015

DAVID A. EZRA
Senior United States District Judge